## M'CONAHY *against* KESSLER.

In an action of replevin by a stranger against a landlord, who had distrained his property on the demised premises, for rent, on the plea of property in himself, and not in the tenant, the tenant is a competent witness to testify that the property belonged to the plaintiff.

Error to *Mifflin* county.

This was an action of replevin, in which *Frederick Kessler* was plaintiff, and *James M'Conahy* was defendant. *M'Conahy* had leased a house to *John Boombaugh*, and the rent being due, *M'Conahy* distrained a stove on the premises, for which *Kessler* took out the replevin; upon the trial the plaintiff offered *Boombaugh* the tenant as a witness, to prove that he had, previously to the distress, sold the stove to *Kessler*, and that when distrained it belonged to *Kessler*. The witness was objected to on the ground of interest; the objection was over-ruled and the defendant excepted. This was the only point argued and decided.

*I. Fisher*, for plaintiff in error.

*Potter, contra.*

Per Curiam.—The argument on the only point which has been pressed, is that a verdict for *Kessler* would preclude *M'Conahy* from having recourse to *Boombaugh* the tenant, who is therefore supposed to have such an interest in *Kessler's* recovery as to disqualify him as a witness. Whatever might be the effect of a verdict on the plea of *non demisit* or of no rent in *arriere*, or of eviction by the landlord, it is certain that the alleged effect would not proceed from a verdict in favor of *Kessler*, on the plea of property in himself, and not in the tenant: The latter was called to prove, that he had sold the property to *Kessler*, and no more; and though that might, under the circumstances, have been immaterial, yet if the property were in fact discharged from the distress, for reasons which do not affect the existence of the rent, it is hard to conceive why it should exempt the tenant from a fresh proceeding. He was competent therefore to prove the issue of property which did not affect the question of his liability to his landlord, and for that purpose, at all events, he was properly admitted.

Judgment affirmed.